IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GLENN CARSON FERGUSON**, | Case No. 6:20-cv-528-SU |
| Petitioner, | **ORDER** |
| v. | |
| **STATE OF OREGON**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on July 2, 2020. ECF 13. Judge Sullivan recommended that the Court grant Respondent's motion to dismiss (ECF 7), dismiss the case with prejudice, and decline to issue a Certificate of Appealability.

      Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed objections (ECF 15), to which Respondent responded. ECF 16. Petitioner objects to the portion of Judge Sullivan's recommendation finding that the obligation to register as a sex offender does not satisfy the custody requirement of 28 U.S.C. § 2254. Petitioner asserts that the restrictions on freedom of movement, housing, and work are like those faced by a person on probation or parole, two conditions which do satisfy 28 U.S.C. § 2254's requirement that the petitioner be "in custody." Respondent refers to the arguments in their original briefs demonstrating out that the restrictions associated with probation and parole are "significant restraints" that "far exceed the collateral consequences flowing from sex offender registration." ECF 12 at 3. Respondent also points out that the Ninth Circuit has held that Oregon's sex offender registration system does not place an individual "in custody" within the meaning of § 2254. *See McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (*per curiam*) (holding that Oregon's sex offender registration requirements "place no greater restraint on

PAGE 2 – ORDER

personal liberty than those of California and Washington" and therefore do not significantly restraint registrants' physical liberty).

Petitioner replies that the *McNab* court only addressed restraints on a petitioner's physical liberty, and that Oregon's sex offender registration requirements restrict more than just freedom of movement. He outlines other restrictions including "on the ability to find housing, on the ability to find work, and on the risks of being harassed and assaulted." ECF 15 at 2. The Ninth Circuit, however, has squarely held that Oregon's sex offender registration requirements are not equivalent to "custody." This Court is bound to follow that precedent until the Ninth Circuit reconsiders the issue.

The Court **ADOPTS** Judge Sullivan's Findings and Recommendations. ECF 13. Respondent's motion to dismiss (ECF 7) is **GRANTED**. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 10th day of August, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge